# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEVE WEINBERG,                          )
                                         )
          Plaintiff,                     )
                                         )  3:06-CV-2332-B
vs.                                      )
                                         )
NATIONAL FOOTBALL LEAGUE PLAYERS )
ASSOCIATION, RICHARD BERTHELSEN, )
GENE UPSHAW, TOM DePASO,               )
TRACE ARMSTRONG, ROGER KAPLAN,   )
JOHN COLLINS, KEITH WASHINGTON,  )
TONY AGNONE, HOWARD SHATSKY, and )
MARK LEVIN,                            )
                                         )
          Defendants.                    )


HEARING ON PLAINTIFF'S MOTION TO REMAND AND A MOTION
TO COMPEL ARBITRATION
BEFORE THE HONORABLE JANE J. BOYLE
UNITED STATES DISTRICT JUDGE
JUNE 14, 2007

A P P E A R A N C E S

For the Plaintiff:

     FRIEDMAN & FEIGER
     5301 Spring Valley Road - Suite 200
     Dallas, TX  75254
     972-788-1400
     BY:  LAWRENCE J. FRIEDMAN
          BART F. HIGGINS

For the Defendants:

     DEWEY BALLANTINE - NEW YORK
     1301 Avenue of the Americas
     New York, NY  10019
     212-259-8000
     BY:  JEFFREY L. KESSLER
          DAVID GREENSPAN

WEIL GOTSHAL & MANGES - DALLAS
200 Crescent Court - Suite 300
Dallas, TX   75201
214-746-7700
BY: AARON D. FORD

COURT REPORTER:   SHAWNIE ARCHULETA, TX CCR No.  7533
                  1100 Commerce Street
                  Dallas, Texas 75242

proceedings reported by mechanical stenography,
transcript produced by computer.

us to arbitration on these state tort claims, it's a death sentence.

So again, we would ask you to look outside. We're the master of our complaint, our conduct. The conduct we're complaining about has nothing to do with decertification. It has to do with unlawful conduct by Gene Upshaw and others to tortiously interfere with contacts we have with the NFL players.

THE COURT: Thank you, Mr. Higgins.

MR. HIGGINS: All right.

THE COURT: Give me just a minute.

The parties did a very thorough job briefing this. And I will tell you, if it puts your minds at rest at all, that I did spend quite a bit of time looking through the briefings, the cases, my own cases, and as I've said, researching the genesis of the NFLPA and why it was put into place to begin with and where it's come and the amendments to it and the regulations and the purpose of it and the whole idea of preemption when it deals with labor issues and Congress and how they have weighed in on that.

I could not find cases that supported the argument of the plaintiff here. The motion to

remand, I think, by law, has to be denied. It's clear that when a motion to remand is posed for lack of jurisdiction, the burden of establishing federal jurisdiction rests upon the defendant. No one disputes that, citing to Winters v. Diamond Shamrock Chemical, 149 F.3d 387, 5th Circuit 1998.

The statute has to be narrowly construed, and any doubt about removal, it's clear to the Court from the cases, has to be resolved -- the propriety of it has to be resolved in favor of remand. I understand that. Bosky v. Kroger, 288 F.3d 208-211, 5th Circuit 2002.

The cases I think -- and again, I have spent quite some time looking for cases that would support the position that the plaintiffs have taken here, despite the different versions and positions on who is right and who is wrong and who was harmed and who wasn't here, and I understand that the plaintiff has a very strong position about what he alleges occurred to him.

But understanding that, there simply aren't any cases that support the position that this belongs back in state court, given the allegations under the NFLPA and NLRA 9a and 301 of the LMRA.

The cases I have looked at include some of

46

the cases you have cited. And others, I think the prime cases are the ones you all have referred to.

There are a couple of cases I will cite to, Poston v. NFL, and it's a Westlaw cite out of Eastern Virginia. It's Westlaw 31190142. And in that particular case, there wasn't a legal issue about jurisdiction.

But just in a footnote, the Court noted that both parties amended their respective claims to allege the existence of federal question jurisdiction under the LMRA, citing to 29 USC Section 185 and the Black case, 87 F.Supp. 2d 1.

That was having to do with a dispute between the football players association and an association licensed contract advisor, which is what we are dealing with here, an arbitrated dispute over a violation of association rules. So the parties amended their complaints in that case to allege federal question jurisdiction.

And then, of course, there's the Collins case out of Colorado. And I do think, if there's a stronger of the two, that the Section 9A of the NLRA clearly, I think, makes the decision obvious here. And that's citing to Collins v. NBA. That's 850 F.Supp. 1468. It's out of Colorado 1991.

I have also read the Holmes v. NFL, 939 F.Supp. 517. That's out of the 5th Circuit 1996. The cases speak for themselves. I won't read from them.

The Black case, which we have talked about, again I think does support the 301 argument here. That is where the Court, noting the Allis-Chalmers case, cited to the principle that, "A tort claim inextricably intertwined with the consideration of the terms of a labor contract is preempted under Section 301."

And as to contract advisors in that case, the Court found this applied. And again, I don't see how you get around that case. And it really is of no moment that the plaintiffs would take the position that this is independent, when in fact I think, as Mr. Kessler pointed out as clearly as you possibly could, that just about every turn and twist in this case is related to the decertification and the NFLPA regulations that govern that.

So citing then to the Black case; the Richardson v. United Steelworkers of America case, 864 F.2d 1162; Smith v. Houston Oilers, 87 F.3d 717, 5th Circuit 1996.

So with that, and for those reasons, and I

think encapsulated in the argument of Mr. Kessler, as well as their briefing in their response and the Court's citing to the relevant cases and for the reasons stated by the Court, the motion to remand must be denied.

These claims here are preempted due to the presence of the NFLPA and the regulations and the LMRA and the accompanying case authority that governs that. Because in effect and in essence, this case rests upon the issue of decertification and all of the consequences that have flown from that decertification, both the information preceding it, during it, and then subsequent to it.

So for that reason -- and again, I looked at a case that was sent to the Court more recently out of Atlanta, I believe it was, in Georgia. And what I saw in that from the judge was -- the distinction there was that she seemed to think that there was a procedural problem with regard to considering the contract or the collective bargaining agreement as a summary judgment exhibit and didn't consider it for that reason.

I don't know that I would say that that analysis rested in any way upon the analysis that we have here, that the case should go back to state

court. It seemed to me to at least be distinguishable for the purposes of her procedural concerns that don't exist here. So the motion to remand by the plaintiffs is denied.

I would like to talk next about the motion to compel arbitration. And who is going to argue that for the defense, Mr. Kessler?

MR. KESSLER: Yes, it will be me, Your Honor.

Your Honor, we believe, with respect to the issue of arbitration, that the conclusions actually flow very neatly and directly from some of Your Honor's conclusions with respect to the issue of preemption and your decision on the remand. Because as Your Honor pointed out, all of the claims for injury in this case flow from the decertification.

And when you look at the three agreements to arbitrate, the one that most clearly and directly applies, which couldn't be clearer, is the first one, which is the one that Mr. Weinberg signed as an NFLPA contract advisor. And that is on pages 5 and 6 of the appendix.

And he basically says, I agree that if I am denied certification or if subsequent to